```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

BIANCA PIERRE,                    )
        Plaintiff,                )
                                  )
        v.                        )    C.A. No. 05-10109-NMG
                                  )
HARBORSIDE HEALTHCARE-WAKEFIELD,  )
        Defendant.                )
~~~~~~~~~~~~~~~~~~~               )
MERZILIE PIERRE,                  )
        Plaintiff,                )
                                  )
        v.                        )    C.A. No. 05-10110-NMG
                                  )
HARBORSIDE HEALTHCARE-WAKEFIELD,  )
        Defendant.                )
```

MEMORANDUM AND ORDER ON APPLICATIONS
TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

AND

ORDER TO SHOW CAUSE

Now before the Court are the applications of the plaintiffs to proceed without prepayment of filing fees in the three cases captioned above. For the reasons set forth below, the applications are granted. The Court also orders that the plaintiffs show cause as to why their complaints should not be dismissed.

BACKGROUND

On January 14, 2005, plaintiffs Bianca Pierre and Merzilie Pierre filed complaints in which they allege that their employer, defendant Harborside Healthcare-Wakefield ("Harborside")

wrongfully terminated their employment in 2002.[1]  Both plaintiffs filed an application to proceed without prepayment of the $150.00 fee assessed for commencing a civil action.

I.  The Applications to Proceed In Forma Pauperis

The information contained within each of the applications to proceed in forma pauperis is similar.  Bianca represents that she was last employed in January 2003, when she earned $150 every two weeks working at "Osterman's Rest Home" in Malden, Massachusetts.  Bianca reports that her only source of income is cash gifts from her boyfriend: "My boyfriend is supporting me financially.  Sometimes he gives me $50 dollars a week for me to eat.  I don't know how much he will continue to give me in the future."  Bianca Pierre App. at 2.  Bianca indicates that she does not have any liquid or unliquidated assets.

Merzilie represents that she was last employed in September 2002,[2] when she worked for Harborside.  Her only reported source of income is cash gifts from her children: "My children are supporting [me] by giving [me] $50 every week for food, etc.  I don't know how much they will support me later on in the future."  Merzilie App. at 2.  Merzilie also indicates that she does not

---

[1] When filing their complaints, the plaintiffs informed the clerk's office that they are mother and daughter.

[2] On her application to proceed in forma pauperis, Merzilie indicates that she was last employed by Harborside Healthcare in 2003. Based on the allegations in her complaint, however, the Court believes that Merzilie made a typographical error and that her employment with Harborside ended in September 2002.

have liquid or unliquidated assets.

## II. The Complaints

Bianca and Merzilie were employed at Harborside as certified nursing assistants ("CNA"). In or about August and September 2002, the Pierres' supervisor at Harborside informed the plaintiffs that Harborside intended to fire its current CNAs to hire new CNAs at a lower pay. At about the same time, the plaintiffs were suspended from their jobs after Harborside allegedly told the Pierres they had neglected Harborside residents; the Pierres deny that they failed in their duties. Two weeks after the suspensions, each plaintiff called Harborside and was informed that she was fired.

The plaintiffs subsequently filed claims against Harborside with the Massachusetts Commission Against Discrimination ("MCAD"). The plaintiffs do not identify the grounds upon which Harborside allegedly discriminated against them. Merzilie does allege that Harborside "was always using races [sic] comments towards Haitian people," Merzilie Pierre Compl. at 1, but she does not state that she is Haitian or that Harborside terminated her employment because of her ethnicity or national origin. The parties attempted to mediate the MCAD claims, and Harborside purportedly offered each plaintiff $1,000, a letter of recommendation, and job restoration. The plaintiffs refused the offers of settlement "because it was not enough for all the suffering." Bianca and Merzilie Pierre Compls. at 1.

In the present complaints, neither plaintiff asserts a formal claim against Harborside or identifies any common or statutory law that Harborside violated. Both plaintiffs end their complaints by stating, "The relief that Plaintiff is seeking is a lawyer to defend her." Id. at 2.

## DISCUSSION

I. The Applications to Proceed In Forma Pauperis

In enacting the federal in forma pauperis statute, now codified at 28 U.S.C. § 1915, "Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs' of litigation." Denton v. Hernandez, 504 U.S.25, 31 (1992) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948) (alteration in original)). While a litigant does not have to be "absolutely destitute to enjoy the benefit of the statute," in forma pauperis status is nonetheless reserved only for those who cannot pay the filing fee "and still be able to provide [themselves] and dependents with the necessities of life. Adkins, 335 U.S. at 339 (internal quotation marks omitted).

Here, it appears that the plaintiffs do not have enough income to provide themselves with the necessities of life. The Pierres receive a meager amount of money from others to pay for food, but have not identified any other sources of income to

provide for their basic needs.  For this reason, the Court grants the plaintiffs' applications to proceed without prepayment of the filing fee.

## II. Screening of the Complaints

Because the Pierres have filed their complaints without prepayment of the filing fee, summonses have not issued in order to allow the Court to review the complaint to determine whether the complaints satisfy the requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Here, the Pierres' complaints are subject to dismissal because the plaintiffs have failed to state a claim upon which relief can be granted.  First, it appears that the plaintiffs have not attempted to assert claims against Harborside because the only relief they request is an attorney to represent them, presumably in proceedings in the MCAD or in a state court.  The Court is authorized to appoint counsel for indigent civil litigants where the substantive action is before this Court.  See 28 U.S.C. § 1915(e)(1).  The Court does not have authority to

appoint counsel for cases proceeding in state courts or agencies.

Second, even if the Court assumed that the Pierres were attempting to bring a substantive action in this Court (rather than a mere request for counsel), the Pierres have not stated a claim for relief.  Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, the Pierres have not met the pleading requirements of Rule 8.  Because the plaintiffs have purportedly filed claims with the MCAD, and because Merzilie alleges that Harborside made racist comments about Haitians, the Court may guess that the Pierres are trying to assert a claim under 42 U.S.C. § 2000e-2, which prohibits discrimination in employment on the basis of several grounds, including national origin.  See 42 U.S.C.

6

§ 2000e-2.  The Court, however, may not <u>reasonably infer</u> such a claim from the complaints.  In fact, the plaintiffs have not even alleged that they are Haitian, or that Harborside terminated their employment (or took any other adverse employment action) because they are Haitian.  Thus, the plaintiffs have not met the pleading requirements for a discrimination claim.[3]

The Court will afford the Pierres thirty-five days to amend their complaints or otherwise show the Court why their complaints should not be dismissed.

## CONCLUSION

ACCORDINGLY, the Court GRANTS the plaintiffs' applications to proceed without prepayment of the filing fee.  The Court also ORDERS that, within thirty-five (35) days of the date of this order, each plaintiff show cause, by filing an amended complaint or other pleading, why her case should not be dismissed for failure to state a claim upon which relief may be granted.  A plaintiff's failure to comply with this requirement will result in dismissal of her lawsuit.

SO ORDERED.

```
 5/16/05                              Nathaniel M. Gorton        
DATE                                 UNITED STATES DISTRICT JUDGE
```

---

[3] Although the Court recognizes that the Pierres have alleged that Harborside wrongfully accused each of them of shortcomings in their job performance, this allegation alone does not provide the basis for a cause of action.  Under Massachusetts law, at-will employees are subject to termination for any reason or no reason at all unless the termination violates a statute or violates a clearly established public policy.  <u>See</u> <u>Rosenberg v. City of Everett</u>, 328 F.3d 12, 15-16 (1st Cir. 2003); <u>Upton v. JWP Businessland</u>, 425 Mass. 756, 757 (1997).